IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

WALTER JAMAR AVERY                    *

    Plaintiff,                            *

        v.                             * CIVIL ACTION NO. 3:05-CV-631-F
                                (WO)

LEE COUNTY DETENTION FACILITY,        *
*et al.*,
                                  *

    Defendants.

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Lee County Detention Center located in Opelika, Alabama, filed this 42 U.S.C. § 1983 on July 6, 2005. He seeks damages as a result of being held in the Lee County Detention Facility for a period of 34 days beyond his release date.[1] Plaintiff names as defendants the Lee County Detention Facility, the Lee County Justice Center, the Honorable Jacob Walker III, Sheriff Jay Jones, and Major C. Torbert.

Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Lee County Detention Facility, the Lee County Justice Center, and the Honorable Jacob Walker III, prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

_____

[1]During the pendency of this action, Plaintiff was released from the Lee County Detention Facility. He has since been re-incarcerated. To the extent Plaintiff's current confinement is unrelated to the basis of his confinement when he originally filed this action, his request for injunctive relief has been rendered moot. *See Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987).

# I. DISCUSSION

## A. *The Lee County Detention Facility and the Lee County Justice Center*

The Lee County Detention Facility and the Lee County Justice Center are not legal entities and, therefore, are not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims against these defendants are due to be dismissed. *Id.*

## B. *The Honorable Jacob Walker III*

Plaintiff names Judge Jacob Walker as a defendant. The conduct about which Plaintiff complains with respect to this individual plainly emanates from actions taken by Judge Walker in his capacity as a circuit judge. The law is well-settled that state judges are absolutely immune from damages liability when sued under 42 U.S.C. § 1983 for actions taken in the course of their judicial duties. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986). Thus, to the extent Plaintiff seeks damages against Judge Walker for his judicial actions, such claim is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The court further notes that a federal court has no right to grant relief under 42 U.S.C. § 1983 with respect to challenges to decisions arising out of state court proceedings even if those challenges allege that the court's action was unconstitutional. *Cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). An action filed pursuant to 42 U.S.C. § 1983 may not be used as a substitute to appeal a decision of a state circuit court.

*See Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Likewise, a 42 U.S.C. § 1983 action may not be used to compel a state court to take a particular course of action because this court has no authority to issue a writ directing state courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Lee County Detention Facility, the Lee County Justice Center, and the Honorable Jacob Walker III, be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Lee County Detention Facility, the Lee County Justice Center, and the Honorable Jacob Walker III, be DISMISSED as parties to this complaint; and

3. This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before August 18, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of August, 2005.

      /s/Charles S. Coody              
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE