IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WALTER JAMAR AVERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:05-cv-631-MEF-CSC |
| | ) |
| LEE COUNTY DETENTION | ) |
| FACILITY, et al. | ) |
| | ) |
| Defendants. | ) |

## SPECIAL REPORT

COME NOW Jay Jones, Sheriff of Lee County, Alabama, and Major Cary Torbert, Jr., Defendants in the above-styled cause and submit their Special Report to the Court as follows:

I. INTRODUCTION

Plaintiff in this action, Walter Jamar Avery, hereinafter "Plaintiff" or "Avery," filed a Complaint in the United States District Court for the Middle District of Alabama, Opelika Division, on or about July 6, 2005. This Court entered an Order on August 5, 2005, instructing Defendants to file a Special Report and Answer addressing Plaintiff's claims. The Court, having granting Defendants' Motion for Extension of Time for filing the Special Report and Answer, ordered responses to be made on or before October 5, 2005.

Plaintiff is incarcerated in the Lee County Detention Facility, having been arrested on June 5, 2004, and ultimately charge with Attempted Sexual Abuse I. The sentenced on October 26, 2004. The Plaintiff was release from the custody of the Lee County Detention Facility on September 27, 2005.

II.  PLAINTIFF'S ALLEGATIONS

Plaintiff's allegation concerns his claim that he was denied jail credit, which the Judge had originally recognized, and made to stay in jail to serve his full sentence.

III.  DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendants deny the allegations made against them by Plaintiff as being untrue and completely without basis in law or fact. Defendants raise the defenses of Eleventh Amendment immunity, qualified immunity, Plaintiff's failure to comply with the Prison Litigation Reform Act and additional defenses presented below. Defendants reserve the right to add additional defenses if any further pleading is required or allowed by the Court.

A.  FACTS

According to the Plaintiff's jail file, he was arrested on June 5, 2004, and originally charged with Rape. Avery's sentence was, however, reduced to Attempted Sexual Abuse I and he was sentenced on October 26, 2004. Per Circuit Judge Walker's Committal to Custody, the Plaintiff was originally sentenced, on October 26, 2004, to twelve months in the County Jail with 144 days of jail credit. See Affidavit of Corey Welch[1], attached hereto; see also Avery's Committal to Custody signed by Circuit Judge Walker, attached hereto as Exhibit 1.

Although Defendant Welch does not remember the exact date, it was shortly before the Plaintiff was to have been released, with his jail credit included, that the Plaintiff talked to Defendant Welch personally, when he was up in the booking area, about his actual release date. Defendant Welch informed Avery that he would check into the matter and went to look through his file to calculate his exact release date. Per our policy and standard practice, Defendant Welch called the Judge's Chambers to confirm his sentence with the jail credit as noted on the Committal to

Custody. This is done before every release to ensure that the appropriate amount of time has been served and that the appropriate amount of credit time has been credited to each inmate. Judge Walker's secretary, Ms. Janice Nolan, returned Defendant Welch's call and informed him that Judge Walker wanted the jail credit taken away so that Avery was to serve his full twelve month sentence. This was noted on the Plaintiff's Committal to Custody form. See Affidavit of Corey Welch, attached hereto; see also Exhibit 1.

As it does not often happen that jail credit is taken away by a Judge, Defendant Welch wanted to confirm, out of an abundance of caution, that it was the Judge's intention to remove the 144 days jail credit originally given. Thus, Defendant Welch had Sergeant Lucy Butler, the Court Security Officer, who has been employed with the Lee County Sheriff's Department for over 15 years, to check with Judge Walker's officer regarding this matter. Sergeant Butler left Defendant Welch a note that stated "the case was reduced from Rape to Sexual Abuse I. Because of the seriousness of the offense [Judge Walker] wanted him to serve all of the time. Sergeant Butler." This note was placed into Mr. Avery's file and his jail credit was then removed. This entire process was explained to Mr. Avery based upon his initial verbal inquiry to me about his release date. See Affidavit of Corey Welch, attached hereto; see also Note from Sergeant Butler to Corey Welch, attached hereto as Exhibit 2.

However, never has Defendant Welch received any written request or grievance from the Plaintiff concerning the removal of his time served jail credit by Judge Walker. Had Defendant Welch received any such request or grievance he would have made a written response to the

---

[1] Corey Welch is employed by the Lee County Sheriff's Department and work in the Lee County Detention Facility. He has worked as a correctional officer for over ten years, having obtained the rank of Lieutenant in November, 2004. He is both a graduate of the Police Academy and the Alabama Jail Management School.

Plaintiff and placed the request and/or grievance in Plaintiff's inmate file. There is no such request or grievance in Plaintiff's inmate file.

Defendant Major Cary Torbert, Jr.,[2] is familiar with the Plaintiff, Walter Avery, due to his incarceration in the Lee County Detention Facility. Defendant Torbert is not, however, personally familiar with the allegations made the basis of the Plaintiff's Complaint as he have never received any complaint, any written or verbal request to discuss the claims the Plaintiff now makes nor any grievance concerning his sentence or the length of his sentence, from the Plaintiff. Had Defendant Torbert received any request from Plaintiff or a grievance concerning these matters he would have investigated the matter and responded to the request and/or grievance accordingly. Had any request form or grievance been submitted by the Plaintiff to Defendant Torbert, it would have been placed in his inmate file; however, there are no requests or grievances filed by the Plaintiff concerning any of the matters made the basis of his Complaint. See Affidavit of Cary Torbert, Jr., attached hereto.

Defendant Sheriff Jay Jones[3] is not personally familiar with any of the allegations made the basis of the Plaintiff's Complaint as Sheriff Jones have never received any requests, written or verbal, from Plaintiff concerning any of these allegations nor has Sheriff Jones received any grievance from Plaintiff concerning any of the allegations made in his Complaint. See Affidavit of Sheriff Jay Jones, attached hereto.

Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Department that inmates are permitted to submit grievances and that each grievance will be acted upon. The inmates are given an Inmate Grievance Form to complete and return to a Lee County Detention Facility staff member for any

---

[2] Cary Torbert, Jr., serves as Chief Deputy of Corrections of the Lee County Detention Facility and has obtained the rank of Major. He has worked with the Lee County Sheriff's Department for over 32 years.
[3] Jay Jones is the duly elected Sheriff of Lee County, Alabama. Sheriff Jones has served in such capacity since 1999.

4

grievances they may have. At no time, however, did the Plaintiff file any grievances concerning any of the claims made in his Complaint. Had such a grievance been filed, it would have been acted upon accordingly, (that is, whether an investigation was needed or simply a response made to the complaints). Further, never did Defendant Torbert receive any written request form from the Plaintiff concerning any of these matters. Had the Plaintiff made a request concerning these matters there also would have been a response made to such complaints on the written request form. No such request can be found in the Plaintiff's inmate file. See Affidavit of Cary Torbert, Jr., attached hereto.

B.   LAW

   1.   Any claim by Plaintiff against Defendants in their official capacity must fail based on Eleventh Amendment immunity and because they are not "persons" under 42 U.S.C.A. § 1983.

Plaintiff's claims against Defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction; as such claims are barred by the Eleventh Amendment to the United States Constitution. Parker v. Williams, 862 F. 2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v. Granger, 887 F. 2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity).

In addition, the official capacity claim must fail because 42 U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Any claim against Defendants in their official capacities should therefore be dismissed because they are not "persons" under § 1983

and therefore claims against him in his official capacity fail to state a claim upon which relief can be granted. Id.; Carr v. City of Florence, Ala., 916 F. 2d 1521, 1525 n.3 (11th Cir. 1990).

    2.    <u>Plaintiff's failure to comply with the Prison Litigation Reform Act bars the Complaint.</u>

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him. First, the Plaintiff has not exhausted the grievance procedures provided at the Lee County Detention Facility. Secondly, he has not alleged that he pursued any grievance through the State Board of Adjustment. See Brown v. Tombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies).

Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Department that inmates are permitted to submit grievances and that each grievance will be acted upon. Inmates are given an Inmate Grievance Form to complete and return to a Lee County Detention Facility staff member for any grievances they may have. No such grievance was filed by the Plaintiff as there is not a grievance form in his jail file concerning the claims made the basis of this Complaint. See Affidavit of Cary Torbert, Jr., attached hereto.

In addition to the grievance procedure at the local level, Alabama law provides the opportunity to file a claim and proceed before the State of Alabama Board of Adjustment pursuant to Ala. Code § 41-9-60. The Sheriff of Lee County is a state officer and therefore would be entitled to sovereign immunity. See Lancaster v. Monroe County, Ala., 116 F. 3d 1419, 1429 (11th Cir. 1998). Due to this immunity, the State of Alabama has provided an

administrative remedy for the recovery of money damages through the State of Alabama Board of Adjustment. As a result of Plaintiff's failure to exhaust these two remedies, he is barred from bringing this action under § 1997e(a). See Alexander v. Hawk, 159 F. 3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of prison action due to failure to exhaust administrative remedies)[4].

> 3. Plaintiff's claims against Defendants Sheriff Jones and Major Cary Torbert, Jr. must fail because there is no *respondeat superior* liability under § 1983.

Plaintiff does not allege that Defendants Sheriff Jones and Major Torbert, Chief Deputy of Corrections, were in any way personally involved in Plaintiff's alleged constitutional violation. Defendants therefore construe Plaintiff's claims against them as an attempt to hold them liable under a *respondeat superior* theory. To the extent Plaintiff seeks relief on that basis,

> [Supervisory] liability under § 1983 must be based on something more than a theory of *respondeat superior*. Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions and the supervising official and the alleged constitutional violation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged depravation, and he fails to do so.

---

[4] See Terry Shane Williams v. Cecil Reed, et al., United States District Court for the Northern District of Alabama, Middle Division, No. CV-99-BU-2938-M, slip op. at 3-4 (N.D. Ala. August 15, 2000) (adopted by district judge September 21, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Richard Dale Woodham v. Bill Lands, United States District Court for the Northern District of Alabama, Middle Division, No. CV-00-AR-0170-M, slip op. at 4-5 (N.D. Ala. November 7, 2000) (adopted by district judge December 4, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Quinton M. Johnson v. Sgt. Robinson, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-616-E, slip op. at 3-5 (M.D. Ala. January 12, 2001) (adopted by district judge January 31, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); David Wilson Bell, Sr. v. Tina Riley, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-731-E, slip op. at 4-5 (M.D. Ala. February 21, 2001) (adopted by district judge March 20, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); Mitchell Lee Hicks v. Jack Day, et al., Circuit Court of Clarke County, Alabama, No. CV-00-280M, slip op. 1-3 (March 21, 2001) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); But see, Garner v. Weeks, No. 00-14582 (11th Cir. April 10, 2001).

Dolihite v. Maughon, 74 F. 3d 1027, 1052 (11th Cir. 1996).  Therefore, Plaintiff's claims against these Defendants are due to be dismissed.

  4. <u>Plaintiff's claims against Defendants are due to be dismissed because they had no personal involvement in the alleged constitutional violation.</u>

The Plaintiff also fails to allege that said Defendants were in any way personally involved in any alleged violation of Plaintiff's constitutional rights concerning the alleged failure to timely release him from confinement.  The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by the defendants and the constitutional deprivation.  <u>Swint v. City of Wadley</u>, 51 F. 3d 988 (11th Cir. 1995).  The requisite causal connection may be shown by the personal participation of the defendant, a policy established by the defendant resulting in indifference to constitutional rights or a breach of a duty imposed state of local law which results in constitutional injury.  <u>Zatler v. Wainwright</u>, 802 F. 2d 397 (11th Cir. 1986).  Plaintiff has offered no evidence demonstrating that these named Defendants were in any way involved in the actions he claims were constitutionally infirm.

There are absolutely no facts to show that these Defendants personally participated in the claims made the basis of the Plaintiff's Complaint, nor does the Plaintiff allege specifically how each Defendant violated his constitutional rights.  In fact, Plaintiff merely asserts claims without any sufficient basis for such claims.  It is well established that conclusory allegations are insufficient to state a § 1983 claim for relief.  See <u>Fullman v. Graddick</u>, 739 F. 2d 553, 556-57 (11th Cir. 1984).  Further, the Plaintiff has failed to allege that he was in any way harmed or suffered any injury from the alleged violations of his constitutional rights.  As such, Plaintiff's claims are due to be dismissed against these Defendants.

> 5. <u>Alternatively, Defendants are entitled to summary judgment based on qualified immunity because nothing in his conduct crossed a "bright line" contour of clearly established constitutional law</u>.

Public officials, like Defendants here, are protected in their individual capacity by qualified immunity as long as "a reasonable officer could have believed [his actions] to be lawful, in light of *clearly established law* and the information [that the officer] possessed." Anderson v. Creighton, 483 U.S. 635, 636 (1987) (emphasis added). The Eleventh Circuit Court of Appeals has observed, "[t]hat qualified immunity protects governmental actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their *individual capacities*." Lassiter v. Alabama A & M Univ., 28 F. 3d 1146 (11th Cir. 1994) (en banc) (emphasis in original) (footnote omitted).

Our circuit has divided consideration of qualified immunity into two "prongs" of analysis as articulated in Zeigler v. Jackson, 716 F. 2d 847, 849 (11th Cir. 1983).

> First, "the defendant government official must prove that `he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" Sammons v. Taylor, 967 F.2d 1533, 1539 (11th Cir. 1992) (quoting Zeigler, 716 F.2d at 849). "[T]hen the burden shifts to the plaintiff to demonstrate that the defendant violated clearly established constitutional law." Id. (quoting Zeigler, 716 F.2d at 849).

Jordan v. Doe, 38 F. 3d 1559, 1565 (11th Cir. 1994).

Once it is established that the Plaintiff has stated a claim and that the Defendants were acting within their discretionary authority, the Court then considers whether the contours of the constitutional right allegedly violated were "clearly established."[5] In making this assessment, the reviewing court must examine the state of law *at the time the alleged deprivation occurred*. See

---

[5] There appears to be no serious dispute that Defendants' only relationship to this case was in their capacities as Sheriff of Lee County, and Chief Deputy. Any actions they took or did not take would have been pursuant to that authority. See O'Ferrel v. United States, 998 F. Supp. 2d 1364, 1369 (M.D. Ala. 1998) (describing this prong of qualified immunity as a "low hurdle to clear" for defendants).

9

Rodgers v. Horsley, 39 F. 3d 308, 311 (11th Cir. 1994); Adams v. St. Lucie County Sheriff's Dep't, 962 F. 2d 1563, 1578 (11th Cir. 1992) (Edmondson, J., dissenting), rev'd and reasoning of original dissent adopted, 998 F. 2d 923 (11th Cir. 1993) (en banc).

Not only must the "clearly established" law pre-date the subject incident, the law must be relatively "fact specific" and "so particularized" that it would have been obvious or "apparent" to the defendant that his actions were unlawful. See Rodgers, 39 F. 3d at 311; Hansen v. Soldenwagner, 19 F. 3d 573, 575 (11th Cir. 1994) (both reversing denial of qualified immunity). As the Eleventh Circuit has explained, "[a] plaintiff cannot rely on . . . 'broad legal truisms' to show that a right is clearly established. . . '[i]f case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant.'" Kelly v. Curtis, 21 F. 3d 1544, 1550 (11th Cir. 1994) (reversing denial of qualified immunity as to some defendants) (quoting Post v. City of Fort Lauderdale, 7 F. 3d 1552, 1557 (11th Cir. 1992)). While the facts of prior cases establishing the law in a particular context need not be identical, they must be at least "materially similar." Adams, 862 F. 2d at 1575 (Edmondson, J., dissenting) (approved en banc, 998 F. 2d 923). This case law must "dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." Id. at 1150.

      6.    <u>Plaintiff's claims are due to be dismissed against Defendants Jones and Torbert as they are entitled to absolute quasi-judicial immunity.</u>

"Absolute quasi-judicial immunity derives from absolute judicial immunity. Judges are absolutely immune from civil liability under section 1983 for acts performed in their judicial capacity, provided such acts are not done in the 'clear absence of all jurisdiction.' Nonjudicial officials are encompassed by a judge's absolute immunity when their official duties 'have an integral relationship with the judicial process.'" Roland v. Phillips, 19 F. 3d 552 (11th Cir.

1994) (internal citations omitted). The Eleventh Circuit in <u>Roland</u>, after discussing the following reasoning of other circuits, adopted said reasoning as their own. <u>Id.</u> at 555-556.

> Other circuits have held that law enforcement officials executing a *facially valid court order* are protected by absolute quasi-judicial immunity. <u>See, e.g., Valdez v. Denver</u>, 878 F. 2d 1285 (10th Cir.1989) (sheriff and sheriff's deputies took plaintiff into custody pursuant to judicial order); <u>Coverdell v. Department of Social & Health Servs.</u>, 834 F. 2d 758 (9th Cir.1987) (child protective services worker removed newborn infant from hospital and placed her in temporary shelter pursuant to court order); <u>Henry v. Farmer City State Bank</u>, 808 F. 2d 1228 (7th Cir.1986) (sheriff participated in execution of foreclosure sale pursuant to judgment of foreclosure); <u>Tymiak v. Omodt</u>, 676 F. 2d 306 (8th Cir.1982) (per curiam) (sheriff evicted plaintiff from home in compliance with court order); <u>Fowler v. Alexander</u>, 478 F. 2d 694 (4th Cir.1973) (sheriff and jailer confined plaintiff pursuant to a court order). "Enforcing a court order or judgment is intrinsically associated with a judicial proceeding." These implementing individuals "are themselves 'integral parts of the judicial process.'"
>
> The Tenth Circuit explained the rationale for absolute quasi-judicial immunity for law enforcement officials acting pursuant to court orders: Absolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel. A lesser degree of immunity could impair the judicial process.
> ....
> Tension between trial judges and those officials responsible for enforcing their orders inevitably would result were there not absolute immunity for both.... The public interest demands strict adherence to judicial decrees.... Absolute immunity will ensure the public's trust and confidence in courts' ability to completely, effectively and finally adjudicate the controversies before them.
>
> Further, that court determined that a narrow definition of facial validity of a judicial order would erode absolute quasi-judicial immunity. 'Facially valid' does not mean 'lawful.' An erroneous order can be valid Law enforcement officials "must not be called upon to answer for the legality of decisions which they are powerless to control" or "be required to act as pseudo-appellate courts scrutinizing the orders of judges." When "we have a writ which is fair on its face, issued from a court which had jurisdiction both of the parties and of the subject-matter of the suit in which it was issued, and which was issued in the regular course of judicial proceeding by that court, and which the officer of the court in whose hands it was placed is bound to obey," the implementing officer is protected in executing the

11

court's mandate. Therefore, law enforcement personnel, acting in furtherance of their official duties and relying on a facially valid court order, are entitled to absolute quasi-judicial immunity from suit in a section 1983 action.

Id. (some internal citations omitted); Mauldin v. Burnette, 89 F. Supp.2d 1371 (M.D. Ga. 2000) (Sheriff had quasi-judicial immunity for enforcing verbal order of judge modifying an inmate's sentence); King v. Thornburg, 762 F. Supp. 336 (S.D. Ga. 1991) (holding that the Marshals Service in carrying out judge's oral order was entitled to quasi-judicial immunity, reasoning that it would be unreasonable for the Marshals Service to know more about the law and authority of a magistrate judge.); Tucker v. City of Montgomery Board of Commissioners, 410 F. Supp. 494 (M.D. 1976) (Warden of jail accepted plaintiffs for incarceration pursuant to judicial orders; therefore, it would be improper for the warden, who was obliged to carry out said orders, to be subject to an action for damages resulting therefrom; Harris v. Bush, 106 F. Supp. 2d (N.D. Fla. 2000) (granting Sheriff quasi-judicial immunity for actions taken while executing a court order). "Whether a valid judicial order is verbal or written, an executing law enforcement official is protected by absolute quasi-judicial immunity." Id. at 557.

Defendants in this case must not "be called upon to answer for the legality of decisions which they are powerless to control" or "be required to act as pseudo-appellate courts scrutinizing the orders of judges." Because, in this case Defendants were acting pursuant to a facially valid order from a court of competent jurisdiction, they are entitled to absolute quasi-judicial immunity.

## IV.   CONCLUSION

Defendants deny each and every allegation made by Plaintiff Walter Jamar Avery in the Complaint. Defendants have not acted in a manner so as to deprive Plaintiff of any right to which he is entitled.

V.   MOTION FOR SUMMARY JUDGMENT

Defendants respectfully request that this Honorable Court treat their Special Report as a motion for summary judgment, and grant unto them the same.

Respectfully submitted this 5th day of October, 2005.

> **s/Kelly Gallops Davidson**
> KELLY GALLOPS DAVIDSON Bar No. DAV123
>
> Attorney for Defendants
>
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  kdavidson@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of October, 2005, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

> Walter Jamar Avery
> AIS# 184038
> Lee County Detention Center
> P.O. Box 2407
> Opelika, AL 36801-2407
>
> **s/Kelly Gallops Davidson**
> OF COUNSEL